UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ANTOINE DAVIS,<br><br>        Defendant. | 3:18-cr-00131-TMB-MMS<br><br>**ORDER ON MOTION TO DISCLOSE GRAND JURY PROCEEDINGS [Dkt. 82]** |

## I. MOTION PRESENTED

On December 27, 2019, Defendant Antoine Davis (Davis), through counsel, filed a Motion to Disclose Grand Jury Proceedings. [Dkt. 82]. Per the Motion, made pursuant to Fed. R. of Crim. P. 6(e)(3)(E)(ii), Davis seeks an order disclosing the Grand Jury proceedings in order to determine whether false or misleading testimony was presented to the Grand Jury and is grounds for a motion to dismiss. [Dkt. 82 at 3]. Should such a disclosure be ordered, Davis will "move to dismiss the indictment if the record. . . supports such motion for dismissal." [Dk. 82 at 4]. On January 24, 2020, the Government filed a Response in Opposition.[1] [Dkt. 111].

---

[1] The Government's Response was filed on January 24, 2020, the extended period of time for the Government's response is based on the following procedural occurrences: On December 31, 2019, the Government filed an unopposed motion requesting an extension of time to file its response. [Dkt. 88]. This Court denied the Government's motion without prejudice, pending a motion to continue trial. [Dkt. 89]. On January 3, 2020, after filing an unopposed motion to continue the trial in this matter, the Government re-filed its Motion for Extension of Time to File a Response. [Dkt. 91]. This Court granted that motion at Dkt. 93. On January 13, 2020, the Government filed another
*U.S. v. Davis*, Case No. 3:18-cr-00131-TMB-MMS        1
Case 3:18-cr-00131-TMB-MMS Document 243 Filed 04/13/21 Page 1 of 6

For the reasons explained below, Davis' Motion to Disclose Grand Jury Proceedings [Dkt. 82] is DENIED.

## II. BACKGROUND

### A. Procedural and Factual Background

The procedural and factual background of the topic of the alleged "controlled buy" was extensively reviewed in this Court's Final Report and Recommendation [Dkt. 237] and will not be restated here.

### B. Legal and Statutory Basis for Davis' Motion

Davis' Motion to Disclose Grand Jury Proceedings is made pursuant to Fed. R. of Crim. P. 6(e)(3)(E)(ii) and *United States v. Kennedy,* 564 F.2d 1329 (9th Cir. 1977). Specifically, Davis argues that the "knowing presentation of false or misleading testimony on a material matter before the Grand Jury would be grounds for dismissal of the Indictment." [Dkt. 82 at 3].

## III. ANALYSIS

### A. Applicable Law

Federal Rule of Criminal Procedure 6 permits a court to order disclosure of matters occurring before a grand jury at the request of a defendant who shows that grounds may exist to dismiss the indictment because of a matter that occurred before the grand jury.[2] A party seeking grand jury transcripts must demonstrate "that a particularized need exists that

---

unopposed motion requesting an extension of time to file its response to Davis' motion. [Dkt. 99]. This Court granted that motion at Dkt. 101.
[2] Fed. R. Crim. P. 6(e)(3)(E)(ii).

outweighs the policy of grand jury secrecy."[3] Mere speculative assertions of wrongdoing in a grand jury proceeding are not enough to meet the 'particularized need' requirement to outweigh the policy of grand jury secrecy.[4]

There is a presumption of regularity in grand jury proceedings.[5] Courts find that misleading assertions made by the government, without more, fall short of the particularized need requirement.[6] Dismissal is only appropriate "if it is established that the violation substantially influence[s] the grand jury's decision to indict, or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations."[7] Courts are reluctant to unnecessarily lift "the veil of secrecy from the grand jury" because the grand jury depends on secrecy for proper functioning.[8] The United States Supreme Court has stated that "if indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great."[9]

Under Rule 6(e), the burden of demonstrating that disclosure outweighs the public interest in secrecy is on the party seeking disclosure.[10]

The United States Supreme Court and the Ninth Circuit have held that the government does not need to present exculpatory evidence to the grand jury because

---

[3] *United States v Murray,* 751 F.2d 1528, 1533 (9th Cir. 1985).
[4] *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980).
[5] *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 300, 111 S. Ct. 722 (1991).
[6] *Ferreboeuf*, 632 F.2d at 835.
[7] *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256, 108 S. Ct. 2369 (1988).
[8] *Douglas Oil Co. of California v. Petrol Stops Nw.,* 441 U.S. 211, 218-19, 99 S. Ct. 1667 (1979).
[9] *United States v. Kennedy,* 564 F.2d 1329 (9th Cir. 1977) (citing *Holt v. United States,* 218 U.S. 245, 247, 31 S. Ct 2, 4 (1975)).
[10] *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 213, 99 S. Ct. 1667, 1669 (1979).

*U.S. v. Davis*, Case No. 3:18-cr-00131-TMB-MMS 3

"requiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body."[11] There is no obligation upon the government to present exculpatory evidence in their possession because it "would be incompatible with this system."[12]

**B.     Davis' Argument**

In Davis' motion, he relies on Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) and *United States v. Kennedy,* 564 F.2d 1329 (9th Cir. 1977). Davis asserts that disclosure is necessary because there were material misstatements and omissions made by an officer to the issuing magistrate judge in regard to a search warrant obtained for Davis' residence.[13] Therefore, due to similar testimony presented to the Grand Jury, those omissions are material. [Dkt. 82 at 3].

Under *Kennedy,* Davis argues that the "knowing presentation of false or misleading testimony on a material matter before the Grand Jury would be grounds for dismissal of the indictment." [Dkt. 82 at 3]. However, the Court in *Kennedy* held, "only in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury should the trial judge dismiss an otherwise valid indictment returned by an apparently unbiased grand jury."[14]

---

[11] *United States v. Williams*, 504 U.S. 36, 51, 112 S. Ct. 1735 (1992).
[12] *Id.* at 55.
[13] The topic of omissions by the officer to the magistrate judge was extensively discussed in the Final Report and Recommendation for Davis' Motion to Suppress. *See* Dkt. 237.
[14] *Kennedy*, 564 F.2d at 1332.

*U.S. v. Davis*, Case No. 3:18-cr-00131-TMB-MMS                                       4

Davis has the burden to show that disclosure of grand jury transcripts is appropriate because he is the party seeking disclosure.[15] Davis argues that the Grand Jury was not properly informed of circumstances that showed the "controlled buy" was not actually "controlled," and thus "undermines the reliability of the 'controlled buy.'" [Dkt. 82 at 3]. Assuming, *arguendo*, that the facts concerning the controlled buy are as Davis represents them, he fails to establish that this omission was a flagrant case or resulted in perjured testimony being presented to the Grand Jury.[16] Davis instead only contends that it is "highly likely" that law enforcement did not properly present reliable testimony. How Davis arrives at this probabilistic conclusion is unclear. Nor is it clear how Davis' bespoke standard of "highly likely" equates to flagrancy and known perjury [Dkt. 82 at 3].

Davis also argues that disclosure is required under Rule 6(e)(3)(E)(ii) due to misleading statements and omissions made to the Grand Jury.[17] A particularized need is required in order to outweigh the policy of grand jury secrecy.[18] Davis' arguments are merely speculative because they fail to establish that the alleged "controlled buy" substantially influenced the grand jury's decision.[19] Mere speculation is not enough to prove the particularized need requirement for disclosure of transcripts.[20] Davis has also failed to prove that the omissions of such statements substantially influenced the grand jury's decision.

---

[15] *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 213, 99 S. Ct. 1667, 1669 (1979).
[16] *Kennedy,* 564 F.2d at 1332.
[17] Fed. R. Crim. P. 6(e)(3)(E)(ii).
[18] *United States v Murray,* 751 F.2d 1528, 1533 (9th Cir. 1985).
[19] *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256, 108 S. Ct. 2369 (1988).
[20] *Ferreboef,* 632 F.2d at 835.

Additionally, courts are reluctant to overturn grand jury indictments.[21] The United States Supreme Court has repeatedly held that "if indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great."[22]

## IV.  CONCLUSION

Davis fails to meet the particularized need requirement or to show flagrancy by the Government in order to warrant disclosure of the grand jury proceedings, THEREFORE this Court DENIES the Motion to Disclose Grand Jury Proceedings [Dkt. 82], without prejudice.

DATED this 13th day of April, 2021, at Anchorage, Alaska.

*s/ Matthew M. Scoble*
U.S. MAGISTRATE JUDGE

---

[21] *Id.*
[22] *United States v. Kennedy,* 564 F.2d 1329 (9th Cir. 1977) (citing *Holt v. United States,* 218 U.S. 245, 247, 31 S. Ct 2, 4 (1975).

*U.S. v. Davis*, Case No. 3:18-cr-00131-TMB-MMS                     6