# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Antoine Davis*
Case No. 3:18-cr-00131-TMB-MMS

By:			THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:		ORDER FROM CHAMBERS

The matter comes before the Court on the Government's Motion for Clarification (the "Motion").[1] The Government moves for clarification regarding the trial date in this case, currently scheduled for May 17, 2021.[2] The Government asks for clarification because the Court recently issued Miscellaneous General Order ("MGO") 21-12, which continues criminal jury trials until June 7, 2021, unless the Court makes an exception "as justice requires."[3] For the following reasons, the Motion is **GRANTED**.

At the April 16, 2021 hearing, the Court granted defense counsel Mr. Randall Cavanaugh's request to continue the trial from May 3 to May 17, 2021, due to Mr. Cavanaugh's recovery from surgery and related health concerns.[4] The Court stated that it was going to make every effort to have the case go to trial as soon as possible. While MGO 21-12 continues all criminal jury trials to June 7, 2021, unless excepted, here, for the reasons set forth below, the Court expects trial to proceed on May 17, 2021, as outlined in the Trial Scheduling Order.[5]

Pursuant to MGO 21-12, the Court further **FINDS** that this case is exceptional and should proceed to trial at the earliest practicable date. The Court reaches this conclusion after weighing several factors, many of which were discussed by the Ninth Circuit in *United States v. Olsen*, --F.3d --, 2021 WL 1589359 (9th Cir. 2021).[6] First, Davis has been detained pending trial since his arrest

---

[1] Dkt. 260 (Motion).
[2] *See* Dkt. 246 (Trial Scheduling Order).
[3] *See* D. Alaska Misc. Gen. Order ("MGO") 21-12 at 2– 3.
[4] Dkts. 239 (Unopposed Motion to Continue Trial); 245 (Minute Entry) (finding excludable delay under 18 USC § 3161(h)(7)(B)(i) and (h)(7)(B)(iv)).
[5] Dkt. 246.
[6] The Ninth Circuit in *Olsen* discussed which factors courts may consider when making exclusions under the "ends of justice" provision of the Speedy Trial Act. *See United States v. Olsen*, --F.3d---, 2021 WL 1589359, at *7 (9th Cir. 2021). A non-exhaustive list of non-statutory factors that courts may consider includes:

> (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the
1

on October 4, 2018, or approximately 31 months.[7]  Second, at the status hearing on April 16, 2021, Davis stated that he did not want the Court to delay his trial and noted that he has been detained for two and a half years.  Third, Davis is accused of serious crimes, some of which carry a maximum sentence of life in prison.  Fourth, the parties are ready for trial.  Mr. Cavanaugh has been afforded an adequate opportunity to meet with Davis and prepare for trial.  The Government has also indicated that it will be prepared for trial.  Fifth, the Court concludes that it can safely conduct a jury trial in this case through the imposition of COVID-19 safety protocols.  The Court discussed various COVID-19 safety protocols for trial at the April 16, 2021 hearing, including the use of multiple courtrooms, social distancing, and the use of masks and/or face shields.  Additional discussion will take place at the final pretrial conference.

For the foregoing reasons, the Court **GRANTS** the Motion and **FINDS** the case exceptional and that it should proceed to trial in the interests of justice.  Accordingly, the trial is set to proceed on **May 17, 2021 at 8:30 a.m.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 7, 2021.

---

seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

[7] Dkts. 4 (Minute Entry); 6 (Order of Detention); 17 (Order of Detention Pending Trial).