# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Antoine Davis*
Case No. 3:18-cr-00131-TMB-MMS

By:  THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:  ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Antoine Davis's Motion for Subpoenas (the "Motion").[1] Davis moves for issuance of trial subpoenas for Chief Magistrate Judge Deborah M. Smith and Magistrate Judge Scott A. Oravec to testify regarding the search warrant issued by Judge Oravec on October 4, 2018, and returned to Chief Magistrate Judge Smith (the "search warrant"). Specifically, Davis seeks testimony from Judge Oravec regarding (1) the "lack of information and the incorrect/false information for the search warrant that was issued"; (2) the timing of the search warrant return and whether it was returned to him; (3) the fact that there was no arrest warrant issued for Davis; and (4) the assertion that there was "no judicial signature on the search warrant when it was served[.]"[2] Davis seeks testimony from Judge Smith to (1) confirm that the warrant was returned to her and not Judge Oravec and (2) confirm the date Davis was taken into custody.[3]

The Government filed its Response in opposition to the Motion, arguing that the Motion impermissibly implicates judicial decision-making processes, is not relevant, and amounts to a relitigation of issues already decided.[4] Oral argument was not requested, and the Court finds it is not necessary for resolution of the matter. For the following reasons, the Motion is **DENIED**.

On October 18, 2018, Davis was indicted in a four-count indictment.[5] On December 27, 2019, Davis filed a Motion for *Franks* Hearing[6] and a Motion to Suppress Evidence[7] seeking to suppress all evidence:

1) "obtained as a result of the Search Warrant issued in 3:18-mj-00493-DMS for [redacted] W. 26th Avenue, Apartment [redacted], Anchorage, Alaska, and the person of 'Antoine Davis;'"
2) "obtained as a result of the warrantless arrest of Antoine Davis on October 4, 2018;"
3) "obtained from Defendant's cell phones, if any;"

---

[1] Dkt. 251 (Motion).

[2] *Id.* at 1.

[3] *Id.*

[4] Dkt. 265 (Response).

[5] Dkt. 10 (Indictment). On September 18, 2020, a nine-count First Superseding Indictment was filed at Dkt. 186.

[6] Dkt. 80 (Motion for *Franks* Hearing).

[7] Dkt. 75 (Motion to Suppress). Defendant filed a Supplemental Motion to Suppress [Dkt. 97] on January 10, 2020; and a Second Supplemental Motion to Suppress [Dkt. 104] on January 15, 2020, (collectively referred to as "Motion to Suppress").

4) "obtained from AT&T without a warrant, but rather pursuant to subpoena;" and
5) "of the alleged 'controlled buy' since it was conducted in an inherently unreliable fashion[.]"[8]

On January 24, 2020, the Government filed its Response in opposition to the Motion to Suppress,[9] and on March 5, 2020, Davis filed his Reply.[10] The Motion to Suppress was fully and comprehensively briefed and included video exhibits filed by both parties.[11]

On September 9, 2020, this Court held an in-person evidentiary hearing on the Motion to Suppress Evidence.[12] On December 16, 2020, the Court issued an Initial Report and Recommendation ("Initial R&R") on the Motion to Suppress.[13] On February 22, 2021, Davis filed objections to the Initial R&R,[14] and on March 1, 2021, the Government filed its reply to the objections.[15] On March 25, 2021, the Court issued its Final Report and Recommendation ("Final R&R") recommending that the Motion to Suppress be denied. On April 7, 2021, the Court adopted the Final R&R in its entirety and denied the Motion to Suppress, as supplemented.[16]

On April 26, 2021, the Court issued its Final Report and Recommendation on the Motion for a *Franks* Hearing. Under *Franks v. Delaware*, a defendant must make an offer of proof showing both that the statement or omission in the affidavit supporting the search warrant application was deliberately false or demonstrated reckless disregard for the truth, and that it was essential to the finding of probable cause.[17] As indicated in the Final R&R, the Motion for a *Franks* Hearing "failed to provide details of the factual bases for the motion" and indicated "[t]he details of the claim can be found"[18] in the Motion to Suppress. Like the Motion to Suppress, the Motion for a *Franks* Hearing was fully briefed. No objections to the Final R&R were filed, and on May 10, 2021, the Court adopted the Final R&R in its entirety and denied Davis's Motion for a *Franks* Hearing on the basis that Davis failed to show the search warrant contained material omissions or false statements.[19]

Because taken together, the Final R&Rs on the Motion to Suppress and Motion for a *Franks* Hearing comprehensively cover the procedural posture and the facts of the case, as well as probable cause for the search warrant, the Court concludes the issues raised by Davis in the present Motion

---

[8] *Id*. at 2.
[9] Dkt. 107 (Response).
[10] Dkt. 130 (Reply).
[11] Dkts. 131 (Response to Reply); 135 (Sur-Reply); 150 (DVD-October 4, 2018, pole camera video); and 151 (DVD-Custodial Interrogation).
[12] Dkts. 180 (Minute Entry); 181 (Minute Entry).
[13] Dkt. 207 (Initial R&R).
[14] Dkt. 233 (Defendant's Objections).
[15] Dkt. 236 (Government's Reply).
[16] Dkt. 238 (Order Adopting Final R&R).
[17] 438 U.S. 154, 171–72 (1978).
[18] Dkt. 248 (Final R&R).
[19] *See* Dkt. 278 (Order Adopting Final R&R); *see also* Dkt. 248 at 4–9.

2

have already been fully briefed and litigated. The Court denied Davis's Motions on the merits, and no further testimony on these issues will be permitted.

Finally, Davis's challenge to the judicial signature on the search warrant dated October 4, 2018, fails. The search warrant issued by Magistrate Judge Scott Oravec on behalf of Chief Magistrate Judge Deborah Smith, was appropriately signed and the signature redacted prior to service, as is the practice in this District to protect the safety of those involved. Davis's other reasons for the subpoenas do not have merit and are without legal support.

For the foregoing reasons, the Court **DENIES** the Motion.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May10, 2021.

3