IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  v.<br><br>ANTOINE DAVIS,<br><br>         Defendant. | Case No. 3:18-cr-000131-TMB-MMS<br><br>ORDER ON DEFENDANT'S<br>MOTION TO BIFURCATE TRIAL<br>(DKT. 252) |

## I. INTRODUCTION

The matter comes before the Court on Defendant Antoine Davis's "Motion to Bifurcate Trial" (the "Motion").[1] The Government filed a Reply to Davis's Motion.[2] The Parties did not request oral argument, and the Court finds it is not necessary for resolution of the matter. Based on the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

## II. BACKGROUND

*A. Underlying Charges*

Davis was arrested and initially indicted on October 18, 2018.[3] In the Superseding Indictment, Davis was charged with: (1) Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) ("Count 1"); (2) Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 2"); (3) Attempted Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and

---

[1] Dkt. 252 (Motion).

[2] Dkt. 266 (Response).

[3] Dkts. 4 (Minute Entry); 10 (Indictment).

1

(b)(1)(C) ("Counts 3–4"); (4) Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) ("Count 5"); (5) Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 6"); (6) Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856(a)(1) ("Count 7"); (7) Possession a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924 (c)(1)(A)(i) ("Count 8"); (8) Criminal Contempt, in violation of 18 U.S.C. § 401(3) ("Count 9").[4]

### B. Motion to Bifurcate

On April 28, 2021, Davis filed his Motion seeking to "bifurcate" his trial as to Count 2 (which allegedly occurred on May 8, 2017) and Count 6 (which allegedly occurred on October 4, 2018), charging him with Felon in Possession of Firearms.[5] Davis states that he will not stipulate to his felon status, and, as a result, the Government will "have to introduce the felony convictions out of California to establish the convictions to the jury."[6] Davis cites to Federal Rule of Criminal Procedure ("Rule") 14(a) and argues the Court "must bifurcate the trial as to the felon in possession status to prevent the jury from knowing [about Davis's] prior criminal history."[7] He also argues that the two felon in possession counts "must be severed and tried after the verdict on the other" counts.[8]

/ / /

/ / /

---

[4] Dkts. 10; 186 (First Superseding Indictment).

[5] Dkt. 252 at 1; *see also* Dkt. 186 at 3, 5.

[6] Dkt. 252 at 1.

[7] *Id.* at 2.

[8] *Id.*

*C. Response*

The United States filed a Response to the Motion in which it states that it does not oppose bifurcation of Counts 2 and 6 "to mitigate the risk of undue prejudice[.]"[9] However, the United States argues that "to the extent [Davis] is requesting these counts be severed rather than bifurcated, the United States opposes this request."[10] The United States argues that "as a matter of judicial economy" because the evidence regarding the felon in possession charges is substantially similar to evidence going to the other counts, the Court should not sever the counts.[11]

Trial in this matter is scheduled to proceed on May 17, 2021.[12]

### III. LEGAL STANDARD

"The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."[13] Separate offenses may be joined on one charging document if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."[14] Rule 14 provides that a district court may bifurcate or sever a criminal trial "[i]f the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government[.]"[15]

---

[9] Dkt. 266 at 1–2.

[10] *Id.*

[11] *Id.* at 2–3.

[12] Dkt. 245 (Minute Entry).

[13] Fed. R. Crim. P. 13.

[14] Fed. R. Crim. P. 8(a).

[15] Fed. R. Crim. P. 14(a).

3

Courts should exercise care when trying a felon in possession count in a multi-count case so as to mitigate the risk of a jury improperly considering the evidence of a prior conviction when deliberating about other felony charges where a prior conviction is not an element of the offense.[16] "'[T]here is a high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible.'"[17] While the Ninth Circuit has not adopted a bright-line rule to address this concern, it has identified three preferred options to minimize the risk of prejudice: severance of the counts, bifurcation of the trial to separate the felon-in-possession count from the other counts, and stipulation to the prior felony so that the jury does not hear about the prior bad act.[18]

## IV.   DISCUSSION

Davis moves to bifurcate or to sever Counts 2 and 6 of the Superseding Indictment. For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

*A.  Bifurcation*

Here, Davis provides only a conclusory argument that he will be prejudiced if Counts 2 and 6 are not bifurcated or severed. However, Davis has declined to stipulate to the prior felony convictions, leaving either severance or bifurcation as the preferred options to mitigate potential

---

[16] *See United States v. Nguyen*, 88 F.3d 812, 815–16 (9th Cir. 1996), *cert. denied* 519 U.S. 986 (1996) ("[T]he practice of consolidating 'felon in possession charges' without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with other unrelated felony charges is not looked upon with favor by [the Ninth] Circuit[.]").

[17] *Rivero*, No. CR-16-0713-TUC-FRZ (BGM), 2016 WL 6647664, at *2 (quoting *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986)).

[18] *See Nguyen*, 88 F.3d at 815–18; *United States v. Abraham*, No. CR-06-16-BLG-RFC, 2006 WL 8430857, at *1 (D. Mont. Oct. 25, 2006); *United States v. Donovan*, 4:08-cr-002-RRB-JDR, 2008 WL 11399021, at *1 (D. Alaska June 24, 2008), report & recommendation adopted, *United States v. Donovan*, Case. No. 4:08-cr-002-RRB-JDR (case closed Dec. 30, 2008) (Dkt. 69)).

prejudice caused by the introduction of his prior felony convictions, which would otherwise be inadmissible.[19] Further, the United States does not oppose bifurcation and indicated that it would present the same evidence, including testimony, to explain the factual underpinnings of all counts to the jury.[20] Thus, it is appropriate and necessary in this case that Davis's criminal past will not be made known to the jury until after it has reached a verdict with respect to the other charges.[21] Accordingly, insofar as Davis seeks to bifurcate Counts 2 and 6, his Motion is **GRANTED**.

The jury will first hear evidence regarding Counts 1, 3, 4, 5, 7, 8, and 9, and return a verdict on those counts, after which the jury will hear evidence with respect to Count 2 and 6 and return a verdict on those counts.

B. Severance

Davis makes no arguments regarding severance, other than by way of a citation to Rule 14 and a conclusory statement that the "felon in possession counts must be severed[.]"[22] The United

---

[19] *See* Dkt. 252 at 1; *see also Nguyen*, 88 F.3d at 815–18; *Rivero*, No. CR-16-0713-TUC-FRZ (BGM), 2016 WL 6647664, at *2; *Cf. United States v. Atofau*, No. CR17-0153-JCC, 2018 WL 2184287, at *3 (W.D. Wash. May 11, 2018) (denying defendant's motion to sever or to bifurcate his felon in possession charges and concluding that the court "can take steps to minimize the chance of prejudice," noting defendant "indicated his intent to stipulate to a prior felony, which would preclude the jury from hearing about the prior bad act" and the court could "provide limiting instructions to the jury to mitigate potential prejudice").

[20] *See* Dkt. 266 at 2–3 ("The evidence regarding the felon in possession charges is substantially similar to the evidence going to the other counts. The United States would have to call many of the same witness to offer the same testimony on similar issues"); *Donovan*, 4:08-cr-002-RRB-JDR, 2008 WL 11399021, at *3.

[21] *See Nguyen*, 88 F.3d at 817; *Donovan*, 4:08-cr-002-RRB-JDR, 2008 WL 11399021, at *3.

[22] Dkt. 252 at 2.

States opposes severance.[23] Because Davis makes no arguments regarding severance[24] and because the Court concludes bifurcation is an appropriate solution to mitigate any potential prejudice, insofar as Davis seeks to sever Counts 2 and 6 from the rest of the charges in the Superseding Indictment, this request is **DENIED**.

## V. CONCLUSION

Accordingly, for the foregoing reasons, Davis's Motion to Bifurcate Counts 2 and 6 is **GRANTED in part** and **DENIED in part.**

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 11th day of May, 2021.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[23] Dkt. 266 at 1.

[24] *See United States v. Macias*, No. 2:15-cr-00125-GEB, 2018 WL 8950142, at *3 (E.D. Cal. Oct. 17, 2008) (denying motion to sever felon in possession of firearm count because defendant's motion failed to show that he cannot be "'safeguard[ed] . . . from the prejudicial effect of . . . evidence' concerning the felon in possession charge) (quoting *Nguyen*, 88 F.3d at 815); *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007) (A defendant seeking severance bears the heavy burden of showing that joinder is "'so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] the exercise of the court's discretion to sever.'") (quoting *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)).