# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Antoine Davis*
Case No. 3:18-cr-00131-TMB-MMS

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on the United States' "Motion in Limine to Allow Authentication and Admission of Certified Records" (the "Authentication Motion").[1] Defendant Antoine Davis opposes the Motion.[2] Oral argument was not requested and the Court finds the matter suitable for disposition without oral argument. The matter is fully briefed and ready for decision. For the following reasons, the Motion is **GRANTED**.

Davis was arrested and initially indicted on October 18, 2018.[3] In the Superseding Indictment, Davis was charged with: (1) Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) ("Count 1"); (2) Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 2"); (3) Attempted Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(C) ("Counts 3–4"); (4) Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) ("Count 5"); (5) Felon in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 6"); (6) Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856(a)(1) ("Count 7"); (7) Possession a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924 (c)(1)(A)(i) ("Count 8"); (8) Criminal Contempt, in violation of 18 U.S.C. § 401(3) ("Count 9").[4] Trial is set for May 17, 2021.[5]

The United States brings the Motion to "allow admission of electronic records by certification" pursuant to Federal Rules of Evidence (the "Rules") 902(11) and 902(13).[6] The United States intends to offer the following electronic process records into evidence:

- Certificate of Authentication by Jared Lonborg for video surveillance from the USPS Anchorage Processing and Distribution Center at 4141 Postmark Drive, Anchorage, AK 99530.

---

[1] Dkt. 255 (Motion).
[2] Dkt. 258 (Opposition to Motion).
[3] Dkts. 4 (Minute Entry); 10 (Indictment).
[4] Dkts. 10; 186 (First Superseding Indictment).
[5] Dkt. 246 (Trial Scheduling Order).
[6] Dkt. 255 at 1.

1

- Certificate of Authentication by Daniel Joy for video surveillance from the USPS Compton Post Office at 701 S. Santa Fe Ave., Compton, CA 90221.[7]

The United States argues that while the Rules "require documents to be authenticated as a condition precedent to admissibility," records of "regularly conducted activity" do not need to be authenticated at trial "if they are accompanied 'by a written declaration of [their] custodian or other qualified person' attesting that they meet each of the requirements of Rule 803(6)."[8] Similarly, the United States argues that electronic records "may also be admitted using a certification that meets the requirements" of Rule 902(11).[9] It argues that the Court has the authority to allow the proffered certificates to authenticate the video records and that doing so in advance of trial "would allow the United States to avoid calling two out-of-state witnesses merely for the purpose of authenticating video records."[10]

Davis filed a brief opposition, arguing that the United States should "not be allowed to use the business records exception to allow the recordings" and arguing that "the videos are subject to confrontation and cross-examination" because they are "testimonial rather than mere business record[s.]"[11] Davis "wants to cross examine the individuals pursuant to his [Sixth] Amendment" right under the Confrontation Clause.[12]

The Sixth Amendment ensures that those accused in criminal prosecutions shall "be confronted with the witnesses against him[.]"[13] "The Confrontation Clause 'guarantees a defendant's right to confront those who "bear testimony" against him. A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination.'"[14] The Supreme Court distinguishes between authenticating a record by affidavit and "*creat[ing]* a record for the sole purpose of providing evidence against a defendant."[15] The Ninth Circuit has held that "a routine certification by the custodian of a domestic public record . . . and a routine attestation to authority and signature . . . are not testimonial in nature."[16] It also held that business records may be authenticated by a certificate where the certification states that the record was "(1) created at or near the time of the events they purported to establish, by someone with knowledge of those events; (2) kept in the course of regularly conducted business; (3) made as part of that business's regular practice; and (4) true and

---

[7] *Id.* at 2; *see* Dkts. 255-1 (Certificate of Authenticity re: Video Surveillance from Anchorage P&DC); 255-2 (Certificate of Authenticity re: Video Surveillance from Compton, CA Post Office).
[8] Dkt. 255 at 2–3 (quoting Fed. R. Evid. 902(11)).
[9] *Id.* at 3.
[10] *Id.* at 4.
[11] Dkt. 258 at 2.
[12] *Id.* at 1.
[13] U.S. Const. amend. VI.
[14] *United States v. Anekwu*, 695 F.3d 967, 973 (9th Cir. 2012) (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009)).
[15] *Melendez-Diaz*, 557 U.S. at 322–23 (emphasis in original).
[16] *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005).

correct copies."[17] If the certificates are "'merely to authenticate'" the records, and "'not to establish or prove some fact at trial[,]'" then the certificates may not be testimonial.[18]

Rule 902(11) states that a certified domestic record of regularly conducted activity may be authenticated via certificate of a custodian if it meets the requirements of Rule 803(6) and with federal statute or rule prescribed by the Supreme Court.[19] It also states that the proponent "must give the adverse party reasonable written notice of intent to offer the record" and make the certification available to them so that the adverse party "has a fair opportunity to challenge" it.[20] Rule 902(13) states that certain electronic records may be authenticated by certification that "complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11)."[21]

Here, the Court finds that the proffered certifications at Dockets 255-1 and 255-2 meet the requirements for authentication as outlined by Rule 902(11) and 902(13) and applicable Supreme Court and Ninth Circuit precedent.[22] The proffered certificates are not testimonial and do not run afoul of the Confrontation Clause because they were not created "for the sole purpose of providing evidence against a defendant" and, instead, are simply a "routine certification by the custodian[.]"[23] Davis has not raised any argument or cited to any authority that supports a finding that the proffered certificates are testimonial in nature. The proffered certifications state that the custodians are "familiar with how the records were created, managed, stored, and retrieved" and that:

> all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of the entity, and they were made by the entity as a regular practice[.][24]

This meets the requirements of Rule 902(11) and 902(13). By attaching the proffered certifications to the Authentication Motion, the United States also satisfies the Rule 902(11) notice requirement. Davis has not challenged the sufficiency of the certificates, other than through his Confrontation

---

[17] *Anekwu*, 695 F.3d at 976.
[18] *Id.* at 977 (quoting *United States v. Yeley–Davis*, 632 F.3d 673 (10th Cir. 2011), *cert. denied*, 563 U.S. 969 (2011)).
[19] Fed. R. Evid. 902(11).
[20] *Id.*
[21] Fed. R. Evid. 902(13).
[22] *See Anekwu*, 695 F.3d at 976–77.
[23] *See Melendez-Diaz*, 557 U.S. at 322–23; *Weiland,* 420 F.3d at 1077; *Anekwu*, 695 F.3d at 976–77; *see also United States v. Kahre*, 610 F. Supp. 2d 1261, 1265 (D. Nev. 2009) ("Although certifications under Rule 902(11) serve as a substitute for live testimony establishing the foundation for authenticating business records, they are not 'testimonial' . . . and therefore do not offend the Confrontation Clause.").
[24] *See* Dkts. 255-1 at 1; 255-2 at 1.

3

Clause arguments. Accordingly, digital records addressed in the Authentication Motion are sufficiently authenticated.

Davis's opposition to the Authentication Motion also indicates that he is opposed to admission of the videos into evidence—separate and apart from his objection to the United States' attempt to authenticate the videos.[25] The Authentication Motion only addresses the authentication requirements of the Rules. The Motion does not preclude Davis from objecting to the admission of the videos on other grounds at trial.

Based on the foregoing, the Authentication Motion at Docket 255 is **GRANTED**. The records of "Evidence #IS0001264619 (CD containing video files) - Video surveillance from Anchorage P&DC" and "Evidence #IS0001264617 (CD containing video files) – Video surveillance from Compton, CA Post Office" are authenticated in accord with the attached certificates at Dockets 255-1 and 255-2.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 13, 2021.

---

[25] Dkt. 258 at 2 ("The prosecution should not be allowed to use business records exception to allow the recordings.").