IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States of America v. Antoine Davis*
Case No. 3:18-cr-00131-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on the Final Report and Recommendation (the "R&R") of the Chief Magistrate Judge,[1] recommending the Court deny Defendant Antoine Davis's Motion to Vacate pursuant to 28 U.S.C. § 2255 (the "Motion").[2] Davis objected to the Initial R&R,[3] and the Chief Magistrate Judge addressed the objections in the Final R&R.[4] The Government filed no objections.[5] For the reasons provided below, the Court **ACCEPTS and ADOPTS** the Final R&R without modification and **DENIES** the Motion at Dockets 390 and 401.

   A. Background

On July 8, 2024, Davis sought habeas relief on the basis of ineffective assistance of counsel and prosecutorial misconduct.[6] He argued his trial and appellate counsel were ineffective because (1) counsel failed to move to dismiss the indictment on the basis that some of the testimony heard by the grand jury regarding a videorecording was perjurious; (2) counsel failed to object to the introduction of Davis's confession on the grounds it was coerced from him; (3) counsel failed to make a *Batson* challenge; (4) counsel failed to object to the computation of the amount of controlled substances in connection with sentencing.[7] Davis also alleged that the Government committed prosecutorial misconduct by knowingly using perjurious testimony.[8]

In response, the Government argued that Davis had failed to show ineffective assistance of counsel by either his trial counsel or appellate counsel because he did not show that his attorney should have objected to the grand jury testimony, that his attorney had grounds to object to the admission of his confession, that he had a basis for a *Batson* objection, or that his methamphetamine

---

[1] Dkt. 426 (Final Report and Recommendation).
[2] Dkt. 390 (Motion to Vacate Under 28 U.S.C. § 2255); Dkt. 401 (Supplemental Motion to Vacate Under 28 U.S.C. § 2255).
[3] Dkt. 425
[4] Dkt. 426 at 17.
[5] Dkt. (absence).
[6] Dkts. 390; 391.
[7] Dkt. 390 at 4–5; Dkt. 391 at 2–7.
[8] Dkt. 390 at 6–7; Dkt. 391 at 7–9.

1

Guideline calculation should have been different.⁹ It also argued that Davis had failed to show prosecutorial misconduct because "there was no perjury before the grand jury[] and the United States was clear before and during trial about what video did and did not exist."¹⁰

Davis responded, reiterating his initial arguments as to ineffective assistance of counsel and the grand jury testimony.¹¹

In the Initial R&R, the Magistrate Judge concluded that Davis "had not demonstrated ineffective assistance of counsel and therefore should not be afforded habeas relief for these claims."¹² First, the Magistrate Judge determined that a motion to dismiss the indictment would have been futile.¹³ As to the allegedly perjurious testimony, the Magistrate Judge determined that Davis appears to have misunderstood the grand jury testimony.¹⁴ The Magistrate Judge explains: "[T]here was both audio and video of the controlled purchase that was provided to Mr. Davis and he appears to misunderstand the grand jury testimony, wherein the agent does not mention that either were inside Mr. Davis's apartment."¹⁵ Therefore, the Magistrate Judge determined that neither Davis's trial or appellate counsel had been ineffective and Davis's prosecutorial misconduct claim was without merit.¹⁶

As to Davis's confession, the Magistrate Judge concluded that Davis's counsel was not ineffective for failing to object to its introduction because counsel adequately cross-examined the detective who had been present during the confession as to its voluntariness.¹⁷ For the same reason, the Magistrate Judge concluded that Davis's appellate counsel was not ineffective for failing to raise the issue.¹⁸ Next, the Magistrate Judge determined that Davis had not made the requisite initial showing to support a *Batson* challenge and, even if he had, the record supports the Government's position that it did not strike jurors for race-based reasons.¹⁹ Therefore, neither his trial nor appellate counsel was ineffective for failing to raise the issue.²⁰ Finally, the Magistrate Judge concluded that Davis's drug quantity argument was without merit because he "complain[ed] of a computation guidelines that was not applied," and therefore he had not shown ineffective assistance of counsel on this claim.²¹

---

⁹ Dkt. 412 (Government's Response in Opposition) at 2–7.
¹⁰ *Id.* at 8.
¹¹ Dkt. 415 (Reply to Response).
¹² Dkt. 424 at 5.
¹³ *Id.* at 7.
¹⁴ *Id.* at 9.
¹⁵ *Id.*
¹⁶ *Id.* at 10.
¹⁷ *Id.* at 11.
¹⁸ *Id.*
¹⁹ *Id.* at 12–14.
²⁰ *Id.* at 14.
²¹ *Id.* at 15–16.

On June 4, 2025, Davis filed objections to the Initial R&R.[22] He objected on two grounds: (1) he "continues to dispute that there is a video recording of the alleged controlled buy," and (2) he "objects to this motion being decided without an evidentiary hearing."[23]

Although the time to submit objections had passed, the Magistrate Judge accepted the filing.[24] The Magistrate Judge explained that those matters had been considered when issuing the Initial R&R and declined to modify the Initial R&R.[25]

    B. Legal Standard

Under 28 U.S.C. § 636(b)(1)(C), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." A court is to "make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[26] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct."[27] However, even if no party objects to a final report and recommendation, "a district court's authority to review a magistrate judge's [findings and recommendations] is not conditioned on a party's making an objection" and "nothing in [28 U.S.C. § 636] precludes the district court from reviewing other findings or recommendations *de novo* if it chooses to do so."[28]

    C. Discussion

Although the Magistrate Judge addressed the substance of Davis's objections in the Initial R&R, the Court will conduct a *de novo* review of the Magistrate Judge's findings and recommendations pertaining to the objections raised by Davis at Docket 425. First, Davis "continues to dispute that there is a video recording of the alleged controlled b[u]y."[29] The Court has reviewed the record, and considered the disputed grand jury testimony. There was an audio recording of the controlled buy from inside the apartment as well as pole camera footage taken outside Davis's apartment.[30] Therefore, it was not perjurious for Special Agent Watson to testify about the existence of audio and video recordings. Both the audio recording from inside the apartment and the pole camera

---

[22] Dkt. 425.
[23] *Id.* at 1.
[24] Dkt. 426 at 17.
[25] *Id.*
[26] 28 U.S.C. § 63(b)(1)(C).
[27] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
[28] *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017).
[29] Dkt. 425 at 1.
[30] *See* Dkts. 237 (Final Report and Recommendation Regarding Motion to Suppress) at 6; 238 (Text Order Accepting and Adopting Final Report and Recommendation).

footage appear to have been produced to Davis.[31] The Court has found no evidence of the existence of a video recording of the controlled buy inside Davis's apartment.

Second, Davis objects "to this motion being decided without an evidentiary hearing."[32] The court is not required to hold an evidentiary hearing when ruling on § 2255 motions.[33] Section 2255 allows courts to forego such a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[34] The Court's review of the Motion and the record in this case conclusively shows that Davis is not entitled to the relief he seeks. Therefore, the Court declines to hold an evidentiary hearing.

This Court adopts and incorporates the Magistrate Judge's findings and recommendations on the remainder of Davis's challenges raised in the Motion. The Court finds Davis has failed to show he is entitled to relief on the basis of ineffective assistance of his trial counsel, ineffective assistance of his appellate counsel, or prosecutorial misconduct.

For the foregoing reasons, the Court **ACCEPTS and ADOPTS** the Final R&R at Docket 426 without modification. Accordingly, the Court **DENIES** the Motion at Dockets 390 and 401.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 4, 2025.

---

[31] Dkts. 237 (Final Report and Recommendation) at 6 (showing previous litigation regarding the audio recording and pole camera footage); 238 (Text Order Accepting and Adopting Final Report and Recommendation).
[32] Dkt. 425 at 1.
[33] 28 U.S.C. § 2255; *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir.1989).
[34] 28 U.S.C. § 2255.